## No. 80SA255

## The People of the State of Colorado v. Charles E. Meldahl

(615 P.2d 29)

Decided August 11, 1980.

Linda Donnelly for complainant.

F. Michael Ludwig for attorney-respondent.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

The proceedings here are the result of a number of complaints filed with the Supreme Court Grievance Committee against respondent, Charles E. Meldahl, who was admitted to the practice of law in Colorado on November 4, 1968. Based upon stipulated facts presented to the Grievance Committee, we suspend the respondent indefinitely from the practice of law.[1]

The stipulation contains eight counts. The first concerns the respondent's agreement to file both bankruptcy proceedings and an uncontested divorce for a client. The client paid the respondent $450 in October, 1974, to file bankruptcy proceedings. Although the respondent had informed his client that he filed the bankruptcy case, he had not filed it when he returned the fee two years later. The respondent also misrepresented to his client that he had taken steps to file dissolution of marriage proceedings. When he finally filed the dissolution action on behalf of both parties, he made no disclosure to them of possible effects of his dual representation.

As described in the second count, the respondent represented a seller in the sale of his residence. At closing, the purchasers gave a promissory note to the seller. In due course, the respondent received $600 from the purchasers in full payment of the promissory note, and he cancelled the note. The respondent failed to remit the $600 to his client.

Two counts involve the failure of the respondent to file petitions in separate uncontested dissolutions of marriage. In both cases the respondent received a fee but failed to complete the dissolution proceedings. He also failed to respond to telephone messages from his clients.

---

[1] The respondent presently is suspended from the practice of law under C.R.C.P. 256.

Two other counts involve clients who hired the respondent to represent them in simple closings for the sale of their homes. In one, the respondent failed to transfer home owner insurance to the buyers as he had promised, to file loan assumption papers with the bank, and to provide documents after closing to his clients. The respondent did not return his client's telephone calls seeking information about the papers. In the other, the client paid the respondent $107.90 for title insurance which the respondent promised to obtain. The respondent did not obtain title insurance or return the client's money. Again, the respondent refused to return telephone calls from his client.

The subject of another count was the respondent's failure to inform his client, a corporation, of the status of collection efforts on a promissory note. A final count charged the respondent with failing to cooperate with investigators for the Grievance Committee.

The Grievance Committee accepted the stipulation that the respondent's conduct violated C.R.C.P. 241 and the following disciplinary rules: DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (conduct prejudicial to the administration of justice); DR 1-102(A)(6) (conduct that adversely reflects on an attorney's fitness to practice law); DR 2-106(A) (excessive fee); DR 2-110(A)(2) (withdrawal from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of a client); DR 2-110(A)(3) (withdrawal from employment without refunding promptly any part of a fee paid in advance that has not been earned); DR 2-110(B)(2) (employment that violates a disciplinary rule); DR 5-105(B) (employment when the interests of another client may impair an attorney's independent professional judgment); DR 6-101(A)(1) (incompetence); DR 6-101(A)(2) (inadequate preparation); DR 6-101(A)(3) (neglect of a legal matter); DR 7-101(A)(1) (failure to seek the lawful objectives of a client); DR 7-101(A)(2) (failure to carry out a contract of employment with a client); DR 7-101(A)(3) (prejudice to a client); DR 7-102(A)(5) (statement of law or fact known to be false); DR 9-102(A) (reservation of a client's funds separately from those of the lawyer); DR 9-102(B)(2) (safekeeping of a client's securities and properties); and DR 9-102(B)(4) (prompt payment or delivery to a client of requested funds, securities, or other properties).

The Grievance Committee recommended that the respondent be suspended indefinitely from the practice of law until he demonstrates his eligibility for reinstatement under C.R.C.P. 253, and that the respondent not be permitted to apply for reinstatement for at least two years. The committee also recommended that the respondent be assessed the costs of the proceedings. We accept the committee's recommendations.

A license to practice law assures the public that the lawyer who holds the license will perform basic legal tasks honestly and without

undue delay, in accordance with the highest standards of professional conduct. In addition, the public has a right to expect that one who engages in professional misconduct will be disciplined appropriately.

Accordingly, it is ordered that respondent Charles E. Meldahl be suspended indefinitely from the practice of law. The respondent may not apply for reinstatement for a period of at least two years from the date of this opinion, and he will not be reinstated until he demonstrates his eligibility for reinstatement under C.R.C.P. 253. In addition, the respondent shall pay the costs of $1,506.36 incurred in the disciplinary proceedings to the Clerk of this Court within 60 days.